**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BRAND Q, INC., <br><br> Plaintiff, <br><br> v. <br><br> TIEMART, INC., dba Alexander Logan Neckwear, and DOES 1-10, <br><br> Defendants. | Case No.: 22-cv-2337 <br><br> **COMPLAINT FOR:** <br><br> 1. **Copyright Infringement (17 U.S.C. § 106)** <br> 2. **Vicarious Copyright Infringement** <br> 3. **Contributory Copyright Infringement** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff, Brand Q, Inc., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101, *et seq.*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. The Court has personal jurisdiction over Defendants and each of them because Defendants are residents of this judicial district, and/or have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial district.

4. Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because Defendants reside and conduct business within the district and a substantial part of the acts and omissions giving rise to the claims occurred here.

## PARTIES

5. Plaintiff BRAND Q, INC. ("Plaintiff" or "Brand Q") is a California corporation with its principal place of business located at 712 E Washington Blvd, Los Angeles, California 90021.

6. Defendant TIEMART, INC. dba "Alexander Logan Neckwear" ("TieMart"), is an Illinois corporation with a principal place of business 525 Morris Ave, Mundelein, Illinois 60060.

7. Defendants DOES 1 through 10 ("Doe Defendants") (collectively with TieMart, "Defendants") are other parties who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of each of the Doe Defendants are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's copyrights and the damages proximately caused thereby.

**FACTUAL BACKGROUND**

**Brand Q's Copyright**

9. Brand Q is a well-established manufacturer and wholesaler of men's formalwear products, including ties, jackets, vests, belts, shoes, suspenders, pocket squares, and bowties.

10. Brand Q owns an original two-dimensional paisley print entitled Brand Q Design #20 (the "Subject Design"), which has been a staple of Brand Q's product line. The Subject Design has been registered with the United States Copyright Office under Registration No. VA 2-218-590, a true and correct copy of which is attached hereto as **Exhibit A.**

11. Brand Q has enjoyed substantial success in the wholesale market offering products bearing the Subject Design and owned exclusively by Brand Q. As resellers of genuine Brand Q products; Defendants are well aware of this fact.

**Defendants' Infringing Conduct**

12. TieMart was a prior customer of Brand Q, and previously purchased products from Brand Q, including products bearing the Subject Design.

13. Approximately ten (10) years after ending its business relationship with TieMart, Brand Q learned that TieMart has been manufacturing and/or distributing products bearing unauthorized reproductions of the Subject Design on products sold under its "Alexander Logan Neckwear" label (the "Offending Products") on its website, https://www.tiemart.com/.

14. Based on publicly available import, bill of landing, and secretary of state records, Brand Q is informed and thereon alleges that, at a minimum, TieMart caused that Shengzhou Yihong Import & Export Co. to manufacture Offending Product under the label "Alexander Logan Neckwear" which TieMart imported and distributed.

15. Brand Q has not authorized Defendants to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Design.

16. A representative image of the Subject Design and examples of the Offending Products are set forth below:



**Subject Design**     **Offending Products**

17. Brand Q did not manufacture or distribute the Offending Products. Indeed, the Offending Products are of plainly inferior quality, differing size, and include colors that Brand Q does not manufacture or distribute.

## **FIRST CLAIM FOR RELIEF**

**(Copyright Infringement – Against all Defendants, and Each)**

18. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

19. Defendants and each of them, accessed the Subject Design by, without limitation, purchasing product bearing the Subject Design directly from Brand Q.

20. Defendants, and each of them, infringed Plaintiff's copyrights by creating infringing derivative works from the Subject Design and distributing same to the public.

21. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

22. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Design in an amount to be established at trial.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred

fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

**(Contributory Copyright Infringement – Against all Defendants, and Each)**

24. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

25. Plaintiff alleges on information and belief that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and distribution of the Subject Design as alleged hereinabove.

26. Defendants knew or should have known that the manufacturer and importation of unauthorized reproductions of the Subject Design by affiliated and third-party manufacturers, including, but not limited to Shengzhou Young Import & Export Co. Ltd. directly infringed the copyrights in and to the Subject Design.

27. Defendants induced, caused, and materially contributed to the third-party manufacturers' direct infringement by, at a minimum, directing and ordering the manufacture of products bearing unauthorized reproductions of the Subject Design, importing said products, and distributing them for sale to TieMart customers.

28. Defendants received substantial benefits in connection with Defendants' unauthorized reproduction and distribution of the Subject Design, including, but not limited to revenue received from the sale of products bearing unauthorized reproductions and derivatives of the Subject Design.

29. Plaintiff alleges that Defendants committed contributory copyright infringement with actual knowledge or reckless disregard of Plaintiff's rights such that said acts of copyright

infringement were, and continue to be, willful, intentional and malicious.

30. By reason of Defendants' acts of contributory infringement as alleged above, Plaintiff has been damaged and has suffered damages in an amount to be established at trial.

31. Due to Defendants' acts of contributory copyright infringement as alleged herein, they have obtained direct and indirect profits it would not otherwise have realized but for its infringement of Plaintiff's rights in the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to its infringement of the Subject Design, in an amount to be established at trial.

32. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## THIRD CLAIM FOR RELIEF

**(Vicarious Copyright Infringement – Against all Defendants, and Each)**

33. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

34. Plaintiff alleges on information and belief that Defendants had the right and ability to supervise the infringing conduct of its affiliated and third-party manufacturers, by virtue of *inter alia* its contractual agreements with those manufacturers and had the right and ability to prevent the further importation, distribution, and sale of unauthorized reproductions of the Subject Design.

35. Defendants had a direct financial interest in the infringing activity because it

received substantial benefits in connection with the unauthorized reproduction and distribution of the Subject Design for purposes of trade. Specifically, Defendants received revenue in connection with the sale of products bearing unauthorized reproductions and derivatives of the Subject Design, and was able to supervise the importation, distribution, sale, and creation of said products.

36. Plaintiff alleges that Defendants committed vicarious copyright infringement with actual knowledge or reckless disregard of its rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

37. By reason of Defendants' acts of vicarious infringement as alleged above, Plaintiff has been damaged and has suffered damages in an amount to be established at trial.

38. Due to Defendants' acts of vicarious copyright infringement as alleged herein, it has obtained direct and indirect profits it would not otherwise have realized but for its infringement of Plaintiff's rights in the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to its infringement of the Subject Design, in an amount to be established at trial.

39. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against all Defendants, and each, with respect to each Claim above, as follows:

1) That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Subject Design, including, without limitation, an order requiring Defendants, and each of them, to remove the Subject Design from their websites, catalogs, marketing, advertisement materials and to cease all reproduction, importation, distribution, or sale of any products no authorized by Plaintiff or embodying the Subject Design or any colorable imitation thereof.

2) That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and/or, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. § 1203, and other applicable law.

3) That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

4) That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

5) That Plaintiff be awarded statutory damages and/or penalties under the statues set forth above;

7) That Plaintiff be awarded pre-judgment interest as allowed by law;

8) That Plaintiff be awarded the costs of this action; and

9) That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: May 4, 2022

Respectfully submitted,

/s/ Stephen M. Doniger
Stephen M. Doniger (lead counsel, pro hac vice pending)
California Bar No. 179314
DONIGER / BURROUGHS
603 Rose Ave
Venice, CA 90291
(310) 590-1820
stephen@donigerlawfirm.com

Daliah Saper (local counsel)
Illinois Bar. No. 6283932
Brandon Beymer (local counsel)
Illinois Bar. No. 6332454
Saper Law Offices, LLC
505 N. LaSalle Dr., Ste 350
Chicago, Illinois 60654
(312) 527-4100
ds@saperlaw.com

*Attorneys for Plaintiff Brand Q, Inc.*