IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRAND Q, INC., <br><br> Plaintiff, <br><br> v. <br><br> TIEMART, INC., dba Alexander Logan Neckwear, and DOES 1-10, <br><br> Defendants. | Case No.: 1:22-cv-02337 <br><br> Honorable Sharon Johnson Coleman |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant TieMart, Inc., named herein individually and doing business as "Alexander Logan Neckwear" (collectively, "Defendant") by their attorneys Banner & Witcoff, Ltd. as and for their Answer to the Complaint by Plaintiff Brand Q, Inc. ("Plaintiff") respectfully allege as follows:

### JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101, et seq.

**ANSWER:** As Paragraph 1 calls for a legal conclusion, no response is required.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

**ANSWER:** As Paragraph 2 calls for a legal conclusion, no response is required.

3. The Court has personal jurisdiction over Defendants and each of them because Defendants are residents of this judicial district, and/or have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial district.

**ANSWER:** As Paragraph 3 calls for a legal conclusion, no response is required.

4. Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because Defendants reside and conduct business within the district and a substantial part of the acts and omissions giving rise to the claims occurred here.

**ANSWER:** As Paragraph 4 calls for a legal conclusion, no response is required.

## PARTIES

5. Plaintiff BRAND Q, INC. ("Plaintiff" or "Brand Q") is a California corporation with its principal place of business located at 712 E Washington Blvd, Los Angeles, California 90021.

**ANSWER:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 5.

6. Defendant TIEMART, INC. dba "Alexander Logan Neckwear" ("TieMart"), is an Illinois corporation with a principal place of business 525 Morris Ave, Mundelein, Illinois 60060.

**ANSWER:** Admit so much of Paragraph 6 as alleges that Defendant, TieMart, Inc. ("TieMart") is an Illinois corporation at the referenced address, and as the phrase "doing business as" constitutes a legal conclusion, no further response to Paragraph 6 is required.

7. Defendants DOES 1 through 10 ("Doe Defendants") (collectively with TieMart, "Defendants") are other parties who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of each of the Doe Defendants are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

**ANSWER:** Deny the allegations of Paragraph 7 to the extent it alleges that TieMart has infringed Plaintiff's copyrights, has contributed to the infringement of Plaintiff's copyrights, or has engaged in one or more of the wrongful practices alleged in the complaint, and deny knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations set forth in Paragraph 7.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or

2

subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's copyrights and the damages proximately caused thereby.

**ANSWER:** Deny the allegations of Paragraph 8 to the extent is alleges violation of Plaintiff's copyrights by TieMart and damages proximately caused thereby, and as the remaining allegations of Paragraph 8 call for a legal conclusion, no response is required.

## FACTUAL BACKGROUND

**Brand Q's Copyright**

9. Brand Q is a well-established manufacturer and wholesaler of men's formalwear products, including ties, jackets, vests, belts, shoes, suspenders, pocket squares, and bowties.

**ANSWER:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 9.

10. Brand Q owns an original two-dimensional paisley print entitled Brand Q Design #20 (the "Subject Design"), which has been a staple of Brand Q's product line. The Subject Design has been registered with the United States Copyright Office under Registration No. VA 2-218-590, a true and correct copy of which is attached hereto as **Exhibit A.**

**ANSWER:** Deny the allegations in Paragraph 10 to the extent they allege the subject print is original, deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in the remainder of the first sentence in Paragraph 10, and otherwise as to the second sentence, neither admit nor deny the allegations and refer to the referenced document for its content.

11. Brand Q has enjoyed substantial success in the wholesale market offering products bearing the Subject Design and owned exclusively by Brand Q. As resellers of genuine Brand Q products; Defendants are well aware of this fact.

**ANSWER:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of the first sentence in Paragraph 11 and otherwise deny the remaining allegations therein.

**Defendants' Infringing Conduct**

12. TieMart was a prior customer of Brand Q, and previously purchased products from Brand Q, including products bearing the Subject Design.

**ANSWER:** TieMart was previously named SolidColorNeckties.com, Inc. and then Neckties, Inc., and admits the allegations in Paragraph 12 to the extent that it alleges that TieMart, under its prior name(s), previously purchased products from Plaintiff Brand Q, avers that what Plaintiff describes as the "Subject Design" is not legally protectable, and deny knowledge or information sufficient to form a belief as the truth or accuracy of the remaining allegations of this paragraph.

13. Approximately ten (10) years after ending its business relationship with TieMart, Brand Q learned that TieMart has been manufacturing and/or distributing products bearing unauthorized reproductions of the Subject Design on products sold under its "Alexander Logan Neckwear" label (the "Offending Products") on its website, https://www.tiemart.com/.

**ANSWER:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 13 as to when Plaintiff Brand Q learned of TieMart's alleged activities, and otherwise avers that what Plaintiff describes as the "Subject Design" is not legally protectable.

14. Based on publicly available import, bill of landing, and secretary of state records, Brand Q is informed and thereon alleges that, at a minimum, TieMart caused that Shengzhou Yihong Import & Export Co. to manufacture Offending Product under the label "Alexander Logan Neckwear" which TieMart imported and distributed.

**ANSWER:** Deny the allegation TieMart caused that Shengzhou Yihong Import & Export Co. to manufacture alleged offending product and as the remainder of Paragraph 14 is based on the referenced documents, neither admit nor deny the allegations therein and refer to the referenced documents for their contents.

15. Brand Q has not authorized Defendants to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Design.

**ANSWER:** Admit the allegations in Paragraph 15, and otherwise avers that what Plaintiff describes as the "Subject Design" is not legally protectable.

16. A representative image of the Subject Design and examples of the Offending Products are set forth below:

**Subject Design**            **Offending Products**




**ANSWER:** As Paragraph 16 is based on the referenced graphic, neither admit nor deny the allegations therein and refer to the referenced graphic for its contents, and otherwise deny the allegations in Paragraph 16 insofar as it characterizes the referenced print as an "Offending Products" because Plaintiff has no protectable interest in the paisley design or any other aspect of the products.

17. Brand Q did not manufacture or distribute the Offending Products. Indeed, the Offending Products are of plainly inferior quality, differing size, and include colors that Brand Q does not manufacture or distribute.

**ANSWER:** Deny the allegations in Paragraph 17 insofar as it characterizes products as "Offending Products" because Plaintiff has no protectable interest in the paisley design or any other aspect of the products, and deny knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations set forth in Paragraph 17.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement – Against all Defendants, and Each)

18. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

**ANSWER:** Defendant repeats, reavers and realleges its answers to the preceding paragraphs as set forth more fully above.

19. Defendants and each of them, accessed the Subject Design by, without limitation, purchasing product bearing the Subject Design directly from Brand Q.

**ANSWER:** Deny knowledge or information sufficient to form a belief as the truth or accuracy of the allegations of Paragraph 19, and avers that what Plaintiff describes as the "Subject Design" is not legally protectable.

20. Defendants, and each of them, infringed Plaintiff's copyrights by creating infringing derivative works from the Subject Design and distributing same to the public.

**ANSWER:** Deny the allegations in Paragraph 20, and avers that what Plaintiff describes as the "Subject Design" is not legally protectable.

21. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

**ANSWER:** Deny the allegations in Paragraph 21.

22. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Design. As such, Plaintiff is entitled

to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Design in an amount to be established at trial.

**ANSWER:** Deny the allegations in Paragraph 22, and avers that what Plaintiff describes as the "Subject Design" is not legally protectable.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

**ANSWER:** Deny the allegations in Paragraph 23.

## SECOND CLAIM FOR RELIEF

**(Contributory Copyright Infringement – Against all Defendants, and Each)**

24. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

**ANSWER:** Defendant repeats, reavers and realleges its answers to the preceding paragraphs as set forth more fully above.

25. Plaintiff alleges on information and belief that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and distribution of the Subject Design as alleged hereinabove.

**ANSWER:** Deny the allegations in Paragraph 25, and avers that what Plaintiff describes as the "Subject Design" is not legally protectable.

26. Defendants knew or should have known that the manufacturer and importation of unauthorized reproductions of the Subject Design by affiliated and third-party manufacturers, including, but not limited to Shengzhou Young Import & Export Co. Ltd. directly infringed the copyrights in and to the Subject Design.

**ANSWER:** Deny the allegations in Paragraph 26, and avers that what Plaintiff describes as the "Subject Design" is not legally protectable.

27. Defendants induced, caused, and materially contributed to the third-party manufacturers' direct infringement by, at a minimum, directing and ordering the manufacture of

products bearing unauthorized reproductions of the Subject Design, importing said products, and distributing them for sale to TieMart customers.

**ANSWER:** Deny the allegations in Paragraph 27, and avers that what Plaintiff describes as the "Subject Design" is not legally protectable.

28. Defendants received substantial benefits in connection with Defendants' unauthorized reproduction and distribution of the Subject Design, including, but not limited to revenue received from the sale of products bearing unauthorized reproductions and derivatives of the Subject Design.

**ANSWER:** Deny the allegations in Paragraph 28, and avers that what Plaintiff describes as the "Subject Design" is not legally protectable.

29. Plaintiff alleges that Defendants committed contributory copyright infringement with actual knowledge or reckless disregard of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

**ANSWER:** Deny the allegations in Paragraph 29.

30. By reason of Defendants' acts of contributory infringement as alleged above, Plaintiff has been damaged and has suffered damages in an amount to be established at trial.

**ANSWER:** Deny the allegations in Paragraph 30.

31. Due to Defendants' acts of contributory copyright infringement as alleged herein, they have obtained direct and indirect profits it would not otherwise have realized but for its infringement of Plaintiff's rights in the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to its infringement of the Subject Design, in an amount to be established at trial.

**ANSWER:** Deny the allegations in Paragraph 31, and avers that what Plaintiff describes as the "Subject Design" is not legally protectable.

32. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

**ANSWER:** Deny the allegations in Paragraph 32.

## THIRD CLAIM FOR RELIEF

### (Vicarious Copyright Infringement – Against all Defendants, and Each)

33. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

**ANSWER:** Defendant repeats, reavers and realleges its answers to the preceding paragraphs as set forth more fully above.

34. Plaintiff alleges on information and belief that Defendants had the right and ability to supervise the infringing conduct of its affiliated and third-party manufacturers, by virtue of inter alia its contractual agreements with those manufacturers and had the right and ability to prevent the further importation, distribution, and sale of unauthorized reproductions of the Subject Design.

**ANSWER:** Deny the allegations in Paragraph 34, and avers that what Plaintiff describes as the "Subject Design" is not legally protectable.

35. Defendants had a direct financial interest in the infringing activity because it received substantial benefits in connection with the unauthorized reproduction and distribution of the Subject Design for purposes of trade. Specifically, Defendants received revenue in connection with the sale of products bearing unauthorized reproductions and derivatives of the Subject Design, and was able to supervise the importation, distribution, sale, and creation of said products.

**ANSWER:** Deny the allegations in Paragraph 35, and avers that what Plaintiff describes as the "Subject Design" is not legally protectable.

36. Plaintiff alleges that Defendants committed vicarious copyright infringement with actual knowledge or reckless disregard of its rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

**ANSWER:** Deny the allegations in Paragraph 36.

37. By reason of Defendants' acts of vicarious infringement as alleged above, Plaintiff has been damaged and has suffered damages in an amount to be established at trial.

**ANSWER:** Deny the allegations in Paragraph 37.

38. Due to Defendants' acts of vicarious copyright infringement as alleged herein, it has obtained direct and indirect profits it would not otherwise have realized but for its infringement of Plaintiff's rights in the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to its infringement of the Subject Design, in an amount to be established at trial.

**ANSWER:** Deny the allegations in Paragraph 38, and avers that what Plaintiff describes as the "Subject Design" is not legally protectable.

39. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

**ANSWER:** Deny the allegations in Paragraph 39.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

TieMart denies that Plaintiff is entitled to any relief whatsoever from TieMart, including without limitation the relief requested in the Complaint's Prayer for Relief.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations and/or laches.

## SECOND AFFIRMATIVE DEFENSE

The Complaint should be dismissed for failure to state a cause of action.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the lack of any protectable interest in any of the intellectual property alleged because there is nothing unique, distinctive or proprietary about the paisley patterns and apparel which are at issue in this action that would sustain Plaintiff's claim to exclusive rights to the use, sale or marketing of these generic patterns and products, all of which are in the public domain.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed and that Defendant recover such other and further relief as the Court deems just and proper, including but not limited to legal fees, costs and expenses incurred herein.

Dated: July 5, 2022 	Respectfully submitted,

By: */s/ Robert H. Resis*

Robert H. Resis (lead counsel)
Illinois Bar No. 6194110
BANNER & WITCOFF, LTD.
71 South Wacker Drive, Suite 3600
Chicago, Illinois 60606
Tel.: (312) 463-5000
rresis@bannerwitcoff.com

*Attorney for Defendant TieMart, Inc.*